## State of Vermont v. Edward L. Levesque

[326 A.2d 174]

No. 122-73

Present: Barney, C.J., Smith, Keyser, Daley and Larrow, JJ.

Opinion Filed October 1, 1974

*Neil S. Moss,* State's Attorney, and *Raymond G. Bolton,* Deputy State's Attorney, for the State.

*Robert Edward West,* Defender General, and *Gregory A. McKenzie,* Deputy Defender General.

**Daley, J.** By separate informations filed in the District Court of Vermont, Unit No. 1, Bennington Circuit, the defendant, Edward L. Levesque, was charged with operating a motor vehicle upon the public highway while under the influence of intoxicating liquor, a violation of 23 V.S.A. § 1201; and operating a motor vehicle in a careless and negligent manner, in violation of 23 V.S.A. § 1181, *as amended* 23 V.S.A. § 1091.

Both charges were joined for trial by jury, which resulted in a verdict of guilty on each charge.

The defendant appeals to this Court claiming error in the trial court's denial of several motions that he made for directed verdicts, to set aside each verdict, and for a new trial. All of these motions challenged the sufficiency of the evidence presented to the jury to sustain the verdicts finding him guilty beyond a reasonable doubt. He also challenges a part of the court's instructions to the jury.

The evidence here must be examined in the light most favorable to the prosecution, being the party against whom the motion for directed verdict was made, *State* v. *Miner*, 128 Vt. 55, 68, 258 A.2d 815 (1969), and being the prevailing party at the time the motion to set aside the verdict and for a new trial was made, *State* v. *Bishop*, 127 Vt. 11, 12, 238 A.2d 772 (1968). See also *State* v. *Ciocca*, 125 Vt. 64, 72, 209 A.2d 507 (1965). All modifying effects of the evidence must be excluded and any conflicts must be resolved against the defendant. *State* v. *Ballou*, 127 Vt. 1, 3, 238 A.2d 658 (1968); *Baldwin* v. *Vermont Railways*, 126 Vt. 70, 72, 223 A.2d 556 (1966).

The evidence presented to the jury, viewed in light of the foregoing tests, discloses the following. The defendant was the owner of the automobile which was being operated upon the public highway, Route 67A, in Bennington, Vermont, at about 4:30 a.m., on December 22, 1972. The stretch of Route 67A along which the accident occurred was blacktopped, straight, and level. The road was wet but not slippery. Defendant's vehicle left the road, traveled two hundred feet off the road, struck and severed a utility pole, and continued an additional fifty-seven feet before coming to rest. The severed utility pole caused wires to spark, creating light in the air similar to that of a burning treetop. This condition was observed by a Bennington police officer who was on patrol a short distance away and who, minutes before, had passed along the stretch of Route 67A where the accident was to occur. The officer immediately proceeded northerly on Route 67A to the scene of the light whereupon he observed the defendant walking in a southerly direction along the road. The defendant was staggering, and approximately fifty feet away from his automobile when first seen.

When questioned by the police officer near the scene of the accident, the defendant denied any operation of the automobile, claiming that it had been stolen. His eyes were watery and bloodshot; pupils dilated; his clothes were disheveled; his balance was poor; he had a strong odor of intoxicants on his breath; and his speech was slurred. There was snow on the ground at the point where the car had come to rest. The defendant came to the police car at the request of the officer. He then claimed that two men had stolen his vehicle and had run away across the snow-covered field after the accident. The officer, accompanied by another police officer, examined the field and found no foot tracks. They did, however, find a single set of footprints leading away from the driver's side of the car to the highway in the direction in which the defendant was first observed. These footprints matched those made by the defendant's shoes in the snow at the time he was in the presence of the officers at the accident scene.

At the police station, the defendant admitted that he was under the influence of intoxicants and that his driving ability was impaired. He stated, in effect, that it did not matter because he was not the operator of the vehicle at the time of the accident. The police sergeant at the station observed the defendant and concurred in the opinions given at the trial by the investigating officers that the defendant was under the influence of intoxicating liquor. During trial, however, the defendant took the stand and for the first time admitted before the jury that he was the operator of his car at the time charged in both informations. He also admitted that he had consumed one bottle of beer earlier in the evening. In rebuttal, the State introduced evidence of an oral admission previously made by the defendant, but denied by him at trial, that he had consumed four or five beers that night.

The defendant admitted operation of his automobile at the time of the accident in open court. Therefore, proof of this element of the offenses charged was obviated. The issues remaining were whether the defendant was operating his automobile while under the influence of intoxicating liquor and whether he operated his automobile in a careless and negligent manner.

The combination of direct and circumstantial evidence in this case distinguishes it from the factual situations

in *State* v. *Clark*, 130 Vt. 500, 296 A.2d 475 (1972), and *State* v. *Sanford*, 118 Vt. 242, 108 A.2d 516 (1954). In both of these cases there was a complete absence of any evidence as to whether the intoxicated condition of those defendants as found by officers arriving at the scenes of those accidents had been continuous since the occurrence of those accidents when the defendants had been operating their motor vehicles. Here, there is present the direct evidence of the admission of the defendant that he was operating his automobile at the time of the accident and when that accident occurred. The police officer provided direct evidence in his testimony as to the time that he first observed the accident and the condition in which he found the defendant upon arriving at the scene of the accident from which he drew the conclusion that the defendant was intoxicated.

The close proximity in time between the accident and the officer's arrival at the scene, and the defendant's condition subsequent to the accident provided circumstantial evidence that the defendant's intoxicated condition had been continuous within the time that the accident occurred. Therefore, the jury properly made the retroactive inference of the previous fact of the defendant being under the influence of intoxicating liquor while he was operating his automobile at the time of the accident from the conditions in which the officer found the defendant shortly thereafter. See *State* v. *Canerdy*, 132 Vt. 131, 136, 315 A.2d 237 (1974).

■ As to the sufficiency of the evidence presented to the jury to sustain a conviction of operating a motor vehicle in a careless and negligent manner, the evidence as previously set forth, including the condition of the roadway, the distance traveled by the defendant's automobile after leaving the roadway, the force of the impact being sufficient to sever a utility pole, and the distance traveled by the automobile after impact, present an evidentiary picture sufficient to meet the State's burden of proof as to this offense as announced in *State* v. *LaBonte*, 120 Vt. 465, 144 A.2d 797 (1958).

■ The defendant contends finally that the trial court committed reversible error in that portion of its charge to the jury concerning the applicability of circumstantial evi-

dence. Since there was no objection at trial to the charge to the jury, in order to reach this question we must first decide whether this is one of those rare and extraordinary cases where a glaring error occurred during trial that was so grave as to strike at the very heart of the defendant's constitutional rights. *State* v. *Morrill*, 127 Vt. 506, 511, 253 A.2d 142 (1969). However, there is no occasion to apply the *Morrill* test here inasmuch as the charge as given was full, fair, and correct on all issues, and breathed the true spirit and doctrine of the law. See *State* v. *Rebideau*, 132 Vt. 445, 321 A.2d 58, 64 (1974).

The verdict of guilty as to each charge is supported by sufficient evidence, and no prejudicial error affecting the defendant's rights has been demonstrated.

*Judgment affirmed.*