## State of Vermont v. Robert E. Dragon, Jr.

[349 A.2d 720]

No. 8-75

Present: **Barney, C.J., Smith, Daley, Larrow and Billings, JJ.**

Opinion Filed December 2, 1975

*Richard G. English,* Addison County State's Attorney, Middlebury, for State.

*Smith, Hansen, Carroll & George,* Rutland, for Defendant.

**Barney, C.J.** This is a prosecution for theft, under 13 V.S.A. § 2504. That section provides:

> A person who by a trespass with intent to steal, takes and carries away anything of value which is parcel of the realty, or annexed thereto, and the property of another against his will, shall be imprisoned not more than ten years or fined not more than $500.00, or both.

The information charged the defendant with taking and carrying away, "something of value which was parcel of the realty, to-wit, twenty (20) pine trees, said trees being the property of one Paes and being then and there attached to and growing upon the real estate of the said Paes . . . ." There was a change of venue to the Orange Circuit of the District Court of Vermont.

The defendant moved to dismiss the charges on the ground that the information was fatally defective. The argument made both below and in this Court is that this statute, 13 V.S.A. § 2504, falls under the condemnation of the "void for vagueness" doctrine. It is claimed that this statute, in forbidding the doing of an act, is so vague that men of common intelligence must necessarily guess and differ as to its meaning. From this it is argued that to prosecute under such a statute violates due process of law, citing *United States* v. *Harriss,* 347 U.S. 612, 617 (1954). That case states the standard to be that no man shall be held criminally responsible for conduct which he could not reasonably understand to be proscribed. The defendant complains that "parcel of the realty" is nowhere defined in the United States or Vermont Constitutions, the common law, the statutes, or the case law of Vermont, and there is no guidance for the defendant to conform to the laws of Vermont. Based on these contentions, the lower court granted the motion to dismiss. We reverse.

■ The motion borders on the frivolous. The doctrine concerning vagueness applies particularly to conduct not otherwise criminal made so by legislative enactment, or where the line between criminal and non-criminal conduct is blurred, indefinite or indistinct. The conduct to which 13 V.S.A. § 2504 refers is stealing, the taking of the property of another against his will. That much of the charge we take to be sufficiently understandable even to the defendant. To say that the use within the statute of a phrase not too frequently met, without prior definition, validates a theft is a far reach from the purposes of the doctrine set out in the United States Supreme Court cases cited. See, e.g., *United States* v. *Harriss, supra,* 347 U.S. 612, involving the regulation of lobbying; *Grayned* v. *City of Rockford,* 408 U.S. 104 (1972), involving an anti-noise ordinance possibly affecting demonstrations and picketing. Note that the activities involved in these cases are ordinarily permissible and may even be constitutionally protected conduct.

The statutory pattern is quite clear. There are three statutes that more or less divide up theft into categories. 13 V.S.A. § 2501 deals with the taking of money or goods, worth more than $100.00, from the actual or constructive possession of another, other than from his person. 13 V.S.A. § 2503 deals with the taking of such items from the person, and 13 V.S.A. § 2504 deals with objects stolen through a trespass, which are parcel of the realty, or annexed thereto, without regard to value. The penalty for each is the same. One of the purposes for these several definitions was apparently to avoid any hiatus in the condemnation of theft by having an argument presented that, for example, a growing Christmas tree was not a chattel or good, and so could not be the subject of larceny under 13 V.S.A. § 2501.

Such attempts at specificity often run afoul of their own precision. The argument frequently occurs, especially in attempts to codify the law, that by specifying the description of the activity, any activity that is related, even though blatantly criminal, is not lawful because it does not fit the legislative terminology. This is not the argument in this case, but it more than likely accounts for the various separate larceny statutes. The developed common law, with its years of accumulated pleading experience, has largely overcome such contentions.

13 V.S.A. § 2504 was quite apparently designed to meet a very old definitional difficulty that has resulted from the constant attempt of Anglo-Saxon law to categorize property as either "chattels or moveables" or "real estate or realty". "Things attached to the realty", a phrase that statute uses, have, in general, been classified as real property or real estate. But an exceptional group of moveable items, which in use are attached to the real estate but can be removed without damage to it, are considered in the law to be "fixtures". They are considered real estate so long as they remain attached to it. See *Sherburne Corp.* v. *Town of Sherburne,* 124 Vt. 481, 483, 207 A.2d 125 (1964). This statute makes it explicit that to steal anything that is part of the real estate (parcel of the realty) or is of the class of fixtures (annexed thereto) is as much a crime as stealing anything else.

The law in Vermont has been clear for many years that growing trees are real estate. See *University of Vermont* v. *Ward,* 104 Vt. 239, 264, 158 A. 773 (1932).

Nor is the word "parcel" of uncertain meaning. Used in connection with the word realty, a common synonym for real estate, it has its well established meaning, "piece" or "portion". See, e.g., "parcel" in Webster's International Dictionary, both second and third editions. Thus the information charges the defendant with removing a piece of the real estate with intent to steal the same, an action which can hardly be confused with legitimate activity.

Neither the complaint nor the statute fall short of any due process requirement and, subject to being factually established to the satisfaction of the trier by the requisite measure of proof, will support a conviction.

*The granting of the motion to dismiss is reversed and the cause remanded.*