## State of Vermont v. Charles F. Watson

[413 A.2d 806]

No. 311-79

Present: Barney, C.J., Daley, Billings and Hill, JJ., and Costello, District Judge, Specially Assigned

Opinion Filed April 8, 1980

*John A. Rocray,* Windham County State's Attorney, and *Linda Levitt,* Deputy State's Attorney (On the Brief), Brattleboro, for Plaintiff.

*Witten & Carter,* Bennington, and *Robert L. Weinberg* and *Kendra E. Heymann* of *Williams & Connolly,* Washington, D.C., for Defendant.

**Hill, J.** Defendant was originally charged, in a two count information, with burglary in the nighttime in violation of 13 V.S.A. § 1201, and with aggravated assault in violation of 13 V.S.A. § 1024(a)(2). He moved, pursuant to V.R.Cr.P.

12(e), to dismiss both charges. Before a hearing on these motions could be had, however, the State dismissed the burglary charge. A hearing was subsequently held on defendant's motion to dismiss the charge of aggravated assault. The court took the matter under advisement, but before it could render a decision, the State moved to amend the aggravated assault charge to a charge of negligent use of a gun in violation of 13 V.S.A. § 4009. Defendant then filed a motion to dismiss the amended charge, or in the alternative to strike the reference to 13 V.S.A. § 4009 and to construe the charge as brought under 13 V.S.A. § 1023(a)(2), which covers the offense of negligently causing bodily injury with a deadly weapon.

Finding that the legal issue framed by the State's amended charge and defendant's responsive motion was of sufficient importance and doubt to justify an appeal before final judgment, and that disposition of the appeal in one alternative would result in a final judgment for the defendant, the lower court, pursuant to an agreement of the parties, certified a question of law to this Court for decision. V.R.A.P. 5(a). The question presented is:

> Whether the adoption by the Legislature in 1972 of 13 V.S.A. §§ 1023–1026, which are provisions of the Model Penal Code governing assault, and in particular [13] V.S.A. § 1023(a)(2) . . . repealed by implication 13 V.S.A. § 4009 . . . .

Section 1023 of Title 13 provides in pertinent part:

> (a) A person is guilty of simple assault if he:
> . . . .
> (2) negligently causes bodily injury to another with a deadly weapon . . . .

An assault in violation of § 1023 is a misdemeanor punishable by imprisonment for not more than one year or a fine of not more than $1,000.00, or both. As used in § 1023, "bodily injury" means "physical pain, illness or any impairment of physical condition," and "deadly weapon" includes "any firearm." 13 V.S.A. § 1021(1) and (3).

Adopted in 1931, for the purpose of "encourag[ing] carefulness in hunters," 13 V.S.A. § 4009 states:

A person who carelessly or negligently wounds another person by gunshot shall be imprisoned not more than five years or fined not more than $1,000.00, or both.[1]

■ It is the well settled law of this state that repeals by implication, although disfavored, may result "(1) [w]hen the acts [at issue] are so far repugnant that they cannot stand together," or, "(2) [w]hen, though not repugnant, the later act covers the whole subject of the former and plainly shows that it was intended as a substitute therefor." *Troy Conference Academy* v. *Town of Poultney*, 115 Vt. 480, 485, 66 A.2d 2, 5 (1949).

■ Defendant argues that both of these standards have been met in the present case, although satisfaction of either would have sufficed. We agree, and answer the certified question in the affirmative.

With respect to the second standard, it is evident that both statutes cover the same proscribed conduct, and that in such a case "the statute which is the more recent legislative enactment will control, since it is the latest expression of the legislative will." *State* v. *Lynch*, 137 Vt. 607, 610, 409 A.2d 1001, 1003 (1979). To hold otherwise would require us to impute to the legislature intended duplicity, or to strain the statutory language to reach the anomalous interpretation that the State advances, neither of which we are inclined to do. *State* v. *Blakeney*, 137 Vt. 495, 500, 408 A.2d 636, 639 (1979). The State's argument that 13 V.S.A. § 4009 requires two conditions not present in 13 V.S.A. § 1023(a)(2)—*i.e.,* "a *wounding* of another person, and . . . *gunshot*"—is without merit. In light of the relevant statutory definitions quoted above, it could

---

[1] In 1972, as part of a general criminal code revision of the definition of felonies and misdemeanors, section 4009 was amended by deleting the phrase "in the house of correction." As a result of this amendment, the distinction between a felony and a misdemeanor throughout the Vermont criminal code was changed from one which depended on the place of imprisonment to one based on the maximum term of imprisonment. 1971, No. 199 (Adj. Sess.), § 15. Act No. 199 further provided that offenses whose maximum term of imprisonment was more than five years were felonies. In 1973, the term of imprisonment necessary for an offense to be a felony was reduced from more than five years to more than two. 1973, No. 109. Based on the present classification scheme, § 4009 is a felony.

hardly be supposed that the bodily injury required by § 1023 does not include a wounding, or, for that matter, that the requirement in § 1023 that the injury be caused by a deadly weapon does not include injury caused by gunshot. See *Robinson* v. *Masonic Protective Association*, 87 Vt. 138, 142, 88 A. 531, 532 (1913).

■ That § 1023 was intended to be a substitute for § 4009 is further buttressed by the fact that it was "the intent of the Legislature in enacting 13 V.S.A. §§ 1023–1026 . . . to deal with the full range of assault crimes." *State* v. *D'Amico*, 136 Vt. 153, 155, 385 A.2d 1082, 1084 (1978). In accomplishing this purpose, the legislature "borrowed almost verbatim from the Model Penal Code," and while the rationale of that model statutory scheme is not binding on this Court, it is indicative of what conduct the legislature intended to prohibit through the exercise of its power to define criminal offenses. *Id.* at 155–56, 385 A.2d at 1084. The comments to § 201.10(1)(b) of the Model Penal Code, which was the prototype for 13 V.S.A. § 1023(a)(2), make it clear that the "negligent injuring" proscribed by that section was meant to reach the same type of conduct prohibited by a few then existing state statutes covering, for example, the infliction of "bodily injury by a high degree of negligence in the handling of a firearm." Model Penal Code § 201.10, Comment 5 (Tent. Draft No. 9, 1959). This type of injury is nearly identical to that covered by § 4009, and it would be remarkable to assume that the legislature passed § 1023 without intending that it supersede the earlier enactment.

■■ With regard to the first standard articulated above, it is clear that the statutes cannot logically stand together. While the criminal act punishable by each section is the same, a comparison of the mens rea required by each section with the concomitant punishment reveals a paradoxical situation. As we stated above, § 1023 is a misdemeanor punishable by a maximum of one year in prison. It is apparent, on examination of the comments of the Model Penal Code, that even though § 1023 is considered a less serious offense, a state of mind more flagrant than ordinary negligence is required for an individual to be held criminally culpable. In the words of the draftsmen: "The risk must be of such a nature and degree

that the actor's failure to perceive it, considering the nature and purpose of his conduct and the circumstances known to him, involves a *gross deviation* from the standard of care that a reasonable person would observe in the actor's situation." Model Penal Code § 2.02(2)(d) (1962) (emphasis added).

Section 4009, on the other hand, is by present standards a felony punishable by a maximum of five years in prison. See note 1, *supra*. Nevertheless, that section apparently requires a mens rea of only ordinary carelessness or simple negligence "such as would impose civil liability." *State* v. *LaBonte*, 120 Vt. 465, 468, 144 A.2d 792, 794 (1958). If, as the State argues, the later enactment was not intended to supersede the earlier statute, we would be led to the inescapable conclusion that, in the context of the same criminal act, the less culpable the state of mind possessed by a defendant, the greater his crime, and vice versa. Since we do not believe that the legislature intended to produce such a fatuous consequence, and in light of the reasons stated above, we hold that 13 V.S.A. § 1023 repealed by implication 13 V.S.A. § 4009.

*The certified question is answered in the affirmative, and the cause is remanded for the entry of an order dismissing the count brought under 13 V.S.A. § 4009.*