State of Vermont v. Anthony S. Debanville

[457 A.2d 650]

No. 428-80

Present: Barney, C.J., Billings, Hill, Underwood and Peck, JJ.

Opinion Filed February 7, 1983

*John J. Easton, Jr.*, Attorney General, and *Susan R. Harritt*, Assistant Attorney General, Montpelier, for Plaintiff-Appellee.

*Rexford & Kilmartin*, Newport, for Defendant-Appellant.

**Underwood, J.** Defendant's appeal from a conviction for driving while intoxicated, 23 V.S.A. § 1201(a)(2), presents two issues: (1) whether the charge to the jury was erroneous and prejudicial; and (2) whether the trial court erred in denying defendant's motion for a judgment of acquittal. The first issue requires little analysis. In its brief and during oral argument before this Court, the State confessed error in the charge to the jury and concedes that reversal is required. Our review of the transcript convinces us that the instructions were indeed, to use the State's words, "wanting in some respects." Prejudicial error is manifest and the judgment must be reversed. *State* v. *Diamondstone*, 134 Vt. 608, 365 A.2d 536 (1976); see also *State* v. *Bevins*, 140 Vt. 415, 418, 439 A.2d 271, 272 (1981).

Even though the parties have confessed error in the charge, resolution of this first issue does not dispose of the

case. The defendant insists that the trial court should have granted his motion for a judgment of acquittal, and therefore denies that the judgment should be reversed and the case remanded for a new trial. Instead, he contends, the Supreme Court should reverse the judgment of conviction and enter a judgment of acquittal. Defendant's motion for a judgment of acquittal was timely made below and therefore must be addressed since it could be dispositive of this criminal prosecution. In order to determine whether to sustain the trial court's denial of the motion, the inquiry is whether the evidence, when viewed in the light most favorable to the State, is sufficient to convince a reasonable trier of fact that the defendant is guilty beyond a reasonable doubt. *State* v. *Larose,* 138 Vt. 281, 285, 415 A.2d 210, 212–13 (1980). Therefore, we turn now to the undisputed evidence adduced at trial.

At 5:08 on the afternoon of March 29, 1979, a state trooper noticed a large Chrysler hung up in the guardrails adjacent to the breakdown lane near the Waterbury exit of Interstate 89. The trooper stopped and as he approached the car, the sole occupant, defendant here, who had been sitting behind the steering wheel, got out. The trooper immediately noticed a "strong odor of alcohol" about him, and that he staggered and was unsteady on his feet. Skid marks and a fifteen-foot trail of radiator coolant at the accident scene indicated that the car had run off the paved portion of the road onto the soft, grassy shoulder, then stopped. Further physical evidence indicated that it then travelled in reverse with enough force to propel the right rear up over two steel guardrails, lodging the car there. Despite the "extremely extensive" damage to the front end, radiator, engine, undercarriage and rear of the car, plus the fact that it was entangled in the guardrails, the defendant walked around to the front of the car and commented to the trooper that it apparently overheated.

A second state trooper arrived and the defendant was placed in his cruiser. Since this second trooper had patrolled that stretch of I-89 within the past hour, the outside limits for the time of the accident were established. The defendant gave a driver's license with his own name on it to the second trooper. He told the trooper that he had come from Burlington and was on his way home, but he did not specify that he was driving the car. He also volunteered that he was an alcoholic and,

in response to questions on the standard DWI form, said that he had "one beer" prior to the accident and no drinks since. Although the defendant refused to sign the *Miranda* form, he verbally acknowledged his rights and he did sign an implied consent form. The trooper testified that defendant also attempted unsuccessfully to perform a number of sobriety tests: to walk a straight line, to stand up straight with his eyes closed, or to repeat phrases in a speech test. On the basis of all these observations, in conjunction with watery eyes and slurred speech, the trooper concluded that defendant was intoxicated. Earlier, the first trooper had reached the same conclusion.

Defendant did not testify at trial and presented no defense. At the close of the State's case, his attorney moved for a directed verdict and after an adverse jury verdict, he moved for a judgment notwithstanding the verdict. Both motions were denied. Defendant now claims that, as a matter of law, two essential elements of the offense were not proved: (1) that defendant was the operator of the motor vehicle, and (2) that defendant was intoxicated at the time of the operation of the motor vehicle. Viewing the evidence as we must, in the light most favorable to the State as the prevailing party below, *State* v. *Levesque*, 132 Vt. 585, 586, 326 A.2d 174, 175 (1974), we are not persuaded by the defendant's argument and thus we remand for a new trial.

■ Defendant appears to base his claim of insufficient proof of operation on the fact that the first trooper on the scene was unable later to identify positively the defendant as the man sitting behind the wheel of the car entangled in the guardrail. However, the second trooper, who arrived two minutes after the first, was able to make the identification in the courtroom. Since the second officer was assigned the accident investigation and therefore spent considerably more time with the defendant, it is not surprising that his memory was the superior of the two. We conclude that the evidence presented at this trial was sufficient to withstand the defendant's motion for a judgment of acquittal.

■ Defendant also complains that he was convicted on the basis of circumstantial evidence which did not "exclude every

reasonable hypothesis except that [he] is guilty." He urges us to take this opportunity to reconsider our recent holding in *State* v. *Derouchie,* 140 Vt. 437, 440 A.2d 146 (1981), and to apply the former circumstantial evidence test that in *Derouchie* we held is no longer required. *Id.* at 445, 440 A.2d at 149–50. We decline to do so. As we said in *Derouchie* and reaffirm here, "[t]here is only one standard of proof for criminal convictions, whether the evidence is direct, circumstantial, or a combination of both. The prosecution has the burden of proving each element of a crime beyond a reasonable doubt." *Id.*

 Finally, defendant claims that, even assuming operation, the second element of the crime—intoxication—has not been proved. Again, his argument presupposes our return to the "exclusion of every reasonable hypothesis" test. As previously noted we decline to revert to that test. The record is replete with evidence of defendant's intoxication at the time of the second trooper's arrival at the scene. The only question then is whether the intoxication had occurred before or after the accident. Defendant admitted to the state police that he had not consumed any liquor since the accident, an admission substantiated by the fact that no beverage containers were found in or near the car. As we have said, "[a]n out-of-court admission by a respondent to facts in dispute is generally considered to be in the nature of direct evidence." *State* v. *Dragon,* 135 Vt. 35, 38, 370 A.2d 218, 221 (1977). Moreover, we have held that "[w]here a combination of direct and circumstantial evidence is presented, the [exclusion of every reasonable hypothesis] instruction need not be submitted to the jury." *Id.* at 37, 370 A.2d at 220; *State* v. *Levesque, supra,* 132 Vt. at 587–88, 326 A.2d at 176. Thus, on this record, even this argument of the defendant must fail.

 Given the considerable circumstantial evidence of operation and the direct and circumstantial evidence of intoxication at 5:08 p.m., coupled with the defendant's several admissions, a jury of reasonable men and women could properly conclude that defendant was driving while under the influence of intoxicating liquor at the time of the accident. See, e.g., *State* v. *Levesque, supra,* 132 Vt. at 588, 326 A.2d at

176; *State* v. *Canerdy,* 132 Vt. 131, 136, 315 A.2d 237, 240 (1974). As was the case here, inferences may be and frequently are drawn from proved facts. Cf. *State* v. *Canerdy, supra,* 132 Vt. at 136, 315 A.2d at 240 (citing 2 J. Wigmore, Evidence § 235 (3d ed. 1940)). Further, while a defendant " 'may stand on his plea of not guilty and is under no legal obligation to present any evidence in his defense, . . . when he is confronted with incriminating evidence sufficient to sustain a conviction, he refrains from defending at his own peril. The "risk of nonpersuasion" becomes his.' " *State* v. *Veilleux,* 140 Vt. 517, 523, 439 A.2d 277, 280 (1981) (quoting *State* v. *Coburn,* 122 Vt. 102, 109, 165 A.2d 349, 355 (1960)).

We therefore affirm the trial court's denial of the defendant's motion for a directed verdict and the denial of the motion for a judgment notwithstanding the verdict.

*Reversed and remanded for a new trial.*