**State of Vermont v. James McBurney and Jeffrey Sikora**

[484 A.2d 926]

No. 82-556

Present: Billings, C.J., Hill, Underwood, Peck and Gibson, JJ.

Opinion Filed October 26, 1984

*Helen V. Torino*, Franklin County State's Attorney, St. Albans, for Plaintiff-Appellee.

*Sylvester & Maley, Inc.*, Burlington, for Defendants-Appellants.

**Gibson, J.** Defendants appeal their convictions for issuing a bad check in violation of 13 V.S.A. § 2022. The cases were consolidated for trial, and guilty verdicts were returned against both defendants. We affirm.

Defendants were corporate officers and directors of a construction company which built residential homes. The company maintained a checking account with the Chittenden Trust Company, and the defendants had the authority to issue checks on this account. On February 8, 1980, the defendants co-signed a check payable to the Star Lumber Company, in the amount of $3,223.19, for materials used in a construction project. On that date, the checking account was already overdrawn by almost six thousand dollars. Star Lumber endorsed and deposited the check, but it was not honored and was subsequently returned for insufficient funds. On February 12, 1980, just four days after the check was drawn, the Chittenden Trust Company notified defendants that the check had been returned to Star Lumber for insufficient funds. The owner of Star Lumber contacted the defendants in an attempt to have the check made good, but he was unsuccessful. Several months later, counsel for Star Lumber wrote to the defendants seeking to have the check paid in full, but he also was unsuccessful.

In January of 1980, the Chittenden Trust Company had returned five checks to defendants' corporation because of insufficient funds. Between January 14, 1980, and February 8, 1980, however, the Chittenden Trust Company honored thirty-seven checks drawn on this account when there were insufficient funds to cover them.

After the State had presented its case at trial and again at the close of all the evidence, defendants moved for judgments of acquittal; defendants claimed that the State failed to carry its burden of proving the element of knowledge. These motions were denied. After the jury returned its guilty verdicts, defendants once again moved for judgments of acquittal or, in the alternative, for new trials. After taking additional evidence and hearing oral arguments, the court also denied these motions. It is from the denial of these post-trial motions that defendants appeal.

The version of 13 V.S.A. § 2022 in effect at the time this check was issued provided that:

> A person who issues or passes a check or similar sight order for the payment of money, knowing that it will not be honored by the drawee, shall be imprisoned for not more than one year or fined not more than $1,000.00 or both. For the purposes of this section, an issuer is presumed to know that the check or order, other than a post-dated check or order, would not be paid, if:
>
> (1) the issuer had no account with the drawee at the time the check or order was issued; or
>
> (2) payment was refused by the drawee for lack of funds, upon presentation within thirty days after issue, and the issuer failed to make good within ten days after receiving notice of that refusal.

Thus, the State must prove two elements to obtain a conviction under 13 V.S.A. § 2022: (1) that the defendants issued or passed a check, and (2) that the defendants had knowledge that it would not be honored. *State* v. *Foley*, 140 Vt. 643, 646–47, 443 A.2d 452, 453 (1982). Defendants have conceded the first element, that they issued the check, but argue that the State failed to prove that they had knowledge that it would not be honored.

■■■ In reviewing the trial court's denial of defendants' motions for judgment of acquittal, V.R.Cr.P. 29, we look to see if the evidence, when viewed in the light most favorable to the State and excluding any modifying evidence, fairly and reasonably tends to convince a reasonable trier of fact that the defendants are guilty beyond a reasonable doubt. *State* v. *Dezaine*, 141 Vt. 335, 337, 449 A.2d 913, 914 (1982) ; see also *State* v. *Debanville*, 142 Vt. 512, 514, 457 A.2d 650, 651 (1983). We have also indicated that the sole issue raised by a motion for judgment of acquittal is whether the State's evidence fairly and reasonably tends to show the defendants' guilt, so that a jury would be justified in finding guilt beyond a reasonable doubt. *State* v. *Poirier*, 142 Vt. 595, 599, 458 A.2d 1109, 1111 (1983). The defendants argue that the State failed, as a matter of law, to produce enough evidence of knowledge to overcome the presumption of innocence. Stated differently, defendants argue that the trial court should have ruled that, as a matter of law, a reasonable doubt had been raised concerning

defendants' knowledge and that the issue should not have gone to the jury.

■■ First, we must dispose of any notion that 13 V.S.A. § 2022 allows for a presumption which impermissibly relieves the State of its burden to prove the element of knowledge beyond a reasonable doubt. A mandatory presumption, that is, one which is conclusive or which shifts the burden of proof to the defendant on an essential element of the offense, violates the due process clause of the Fourteenth Amendment. *Sandstrom* v. *Montana*, 442 U.S. 510, 523–24 (1979) ; *Patterson* v. *New York*, 432 U.S. 197, 215 (1977). A permissive inference, on the other hand, allows rather than requires the trier of fact to find the inferred fact and places no burden on the defendant; this is not unconstitutional. See *Ulster County Court* v. *Allen*, 442 U.S. 140, 156–57 (1979). This Court has recently noted these principles of law. *State* v. *Dusablon*, 142 Vt. 95, 97–98, 453 A.2d 79, 81 (1982).

■■ The language of 13 V.S.A. § 2022 provides that "an issuer is presumed to know" that a check will not be honored under certain circumstances. The threshold inquiry, therefore, is to determine whether this constitutes a mandatory presumption or a permissive inference. See *State* v. *Dusablon, supra*, 142 Vt. at 98, 453 A.2d at 81. A look at the trial court's instruction indicates that the statute was explained in terms of a permissive inference: "[Y]ou may draw an inference—you don't have to, but you can—draw an inference . . . ." Furthermore, the trial court instructed the jury that "we're also dealing with the presumption of innocence in this case, and if all you've got is this inference [of knowledge] . . . [t]hat's not enough to overcome the presumption of innocence." Thus, the trial court explicitly instructed the jury in a manner which kept 13 V.S.A. § 2022 within the due process parameters of *Sandstrom* v. *Montana, supra*. The test of whether a presumption is mandatory or permissive depends upon "the way in which a reasonable juror could have interpreted" it. *Id.* at 514; *Dusablon, supra*, 142 Vt. at 98, 453 A.2d at 81. The only reasonable interpretation of these instructions is as a permissive inference. The trial court correctly interpreted the statutory presumption in 13 V.S.A. § 2022 as a permissive inference and thereby avoided a potentially unconstitutional mandatory pre-

sumption. This was consistent with our prior observation that § 2022 gives the State only a permissive inference. See *State* v. *Foley, supra,* 140 Vt. at 647, 443 A.2d at 453.

■ The evidence discloses that defendants' corporation's checking account had been substantially overdrawn throughout January of 1980, and on February 8, 1980, it was overdrawn by close to six thousand dollars. The evidence also indicates that some overdrawn checks had not been honored in January of 1980. Furthermore, after the check of February 8, 1980, was drawn, defendants were notified by the bank that it had been returned for insufficient funds. Defendants were also contacted by Star Lumber and asked to pay the check. This evidence clearly created a jury question on the issue of knowledge. Even apart from the permissive inference of § 2022, there was evidence that the checking account was substantially overdrawn when the check was issued, and that it had been in this condition for some time prior to when the check in question was drawn. On this evidence alone, we think the trial court was correct in denying the motion for acquittal. Defendants may have hoped that the evidence that the Chittenden Trust Company had honored some overdrawn checks in the past would have created a reasonable doubt in the minds of some jurors, but this did not entitle them to a judgment of acquittal. There was no error in denying that motion.

Similarly, the trial court did not err in denying defendants' motion for a new trial. Defendants argue that a new trial should have been granted because the verdict was against the weight of the evidence. This is simply another procedural challenge to the quantum of evidence of knowledge presented by the State. As stated earlier, defendants concede that they issued the check on February 8, 1980, and there is no question that there were insufficient funds in the account to cover the check. Thus, we are left once again with the sufficiency of the evidence of knowledge.

■ The test for review of a motion for new trial based on insufficiency of the evidence is whether the trial court abused its discretion; absent an abuse of discretion, the ruling must stand. *State* v. *LeBeau,* 144 Vt. 315, 319, 476 A.2d 128, 130 (1984). We have already held that there was sufficient evidence of knowledge under 13 V.S.A. § 2022 for the trial

court to deny defendants' motion for judgment of acquittal. If there was sufficient evidence of knowledge to go to the jury, then there was no error in denying defendants' motion for a new trial on the same grounds. *Id.* There was ample evidence for the trial court to deny the motion.

*Affirmed.*