### STATE of Vermont v. Sandra KEMP

[640 A.2d 1]

No. 92-468

June 16, 1993. Defendant was convicted after a jury trial of aiding in the commission of a sexual assault upon her ten-year-old daughter, S.K., in violation of 13 V.S.A. § 3252(a)(3) and 13 V.S.A. § 3. Defendant appeals the conviction on the ground that no evidence was presented by the State to show that defendant acted with the purpose of encouraging the adult male to engage in sexual conduct with her daughter, that mere acquiescence or presence of defendant was insufficient to constitute the crime of aiding in the commission of the felony, and that therefore the court erroneously denied her motion for judgment of acquittal. We agree and reverse.

The standard of review for granting a motion for judgment of acquittal is whether the evidence, "'when viewed in the light most favorable to the State and excluding any modifying evidence, fairly and reasonably tends to convince a reasonable trier of fact that the defendant[] [is] guilty beyond a reasonable doubt.'" *State v. Elkins*, 155 Vt. 9, 17–18, 580 A.2d 1200, 1204 (1990) (quoting *State v. McBurney*, 145 Vt. 201, 204, 484 A.2d 926, 928 (1984)). Defendant's conviction was based on the testimony of the sole witness, who was in defendant's living room for a total of only

thirteen seconds, during which time she observed S.K. engaged in an act of oral sex with an unidentified adult male while defendant was present in the room. Defendant argues that her aiding and abetting conviction should be reversed because no jury could conclude beyond a reasonable doubt, based on the testimony presented by the State, that a preconceived criminal plan existed in which defendant participated. See *State v. Miller*, 146 Vt. 164, 175, 502 A.2d 832, 839 (1985).

This Court has held that mere presence at the scene of a crime is insufficient to support a conviction of aiding in a felony. *State v. Orlandi*, 106 Vt. 165, 171, 170 A. 908 (1934). In order to support a conviction of aiding or abetting, the State must prove that the defendant's presence during the crime was preplanned with the design to encourage or incite others. *Id.*; see also *State v. Carter*, 138 Vt. 264, 269, 415 A.2d 185, 187–88 (1980) (where no evidence that prior to sale defendant procured, incited or encouraged an item's theft, presence or acquiescence not enough to uphold aiding and abetting conviction). A prior agreement to commit the crime need not be demonstrated by an express agreement, but may be shown by circumstantial evidence of an implied understanding. *Orlandi*, 106 Vt. at 172, 170 A. at 911; see *State v. Davignon*, 152 Vt. 209, 215, 565 A.2d 1301, 1304–05 (1989) (accomplice must share same criminal intent as principal). But, while circumstantial evidence can be used to prove the aiding of a felony, suspicion, no matter how strong, will not take the place of evidence of participation. *State v. Mecier*, 126 Vt. 260, 263, 227 A.2d 298, 300 (1967); see also *State v. LaRue*, 138 Vt. 547, 548, 418 A.2d 867, 868 (1980) (defendant's close association with persons involved in drug sale and occupation of adjoining

bedroom insufficient to prove aiding in possession of drug, even where suspicion of guilt is great).

In the present case, the State failed to meet its burden of establishing that defendant aided in the sexual assault of S.K. The State presented no evidence to establish a prior agreement between defendant and the unidentified male to sexually assault S.K. In fact, the sole witness to the events underlying defendant's charges testified that her observation of what transpired in defendant's living room lasted only thirteen seconds. There was no evidence presented as to what took place in the apartment prior to the witness's observation. We find the limited testimony presented insufficient to allow a jury to conclude that defendant shared in a preconceived plan to assault her child and that her presence in the room participated to some substantial measure in the crime. While a jury could find evidence that a sexual assault took place, this does not eliminate the burden on the State to show that defendant shared the intent to bring it about. Even if the evidence could cause a jury to suspect strongly that defendant was in complicity with the male assaulting her daughter, it fails to reach the level of proof of encouragement or procurement required in past aiding-and-abetting cases.

In a factually similar case, the Supreme Judicial Court of Massachusetts overturned a mother's conviction of accessory before the fact to rape of her daughter because the Commonwealth failed to show that the defendant had aided, counseled, hired or procured, or taken any other action to participate in the commission of the crime. *Commonwealth v. Raposo*, 595 N.E.2d 773, 778 (Mass. 1992). In *Raposo*, the victim was the seventeen-year-old re-

tarded daughter of the defendant who was sexually assaulted by defendant's live-in boyfriend. Prior to the assault, the boyfriend informed defendant that he intended to have sex with her daughter, to which the defendant did not respond. The daughter was assaulted on several occasions, and at least once the defendant pounded on an unlocked bedroom door telling the boyfriend to stop. After a period of time, the defendant reported the assaults to the police.

The *Raposo* court was interpreting Massachusetts statutory law, which criminalizes aiding in a felony or accessory before the fact when a person counsels, hires or otherwise procures a felony to be committed. *Id.* at 775. For conviction the evidence must show that the defendant does "'associate himself with the venture, that he participate in it as in something he wishes to bring about, [and] that he seek by his action to make it succeed.'" *Id.* (quoting *Commonwealth v. Stout*, 249 N.E.2d 12,

15 (Mass. 1969)). Neither the language of the statute nor the cases interpreting it suggested that anything less than evidence of shared intent and significant participation would constitute aiding. *Id.* at 778. The court concluded that the Commonwealth had failed to show that the defendant had aided, counseled, hired or procured, or taken any other action to participate in the commission of crimes against her daughter.

We agree with the reasoning of the Massachusetts court, and find that defendant's conviction must be reversed. As we find the resolution of the above claim of error to be determinative of the case, we do not pass on the additional arguments raised by defendant.

*Reversed.*

**Gibson, J.,** dissenting. Because I believe the evidence was sufficient to support the jury's verdict, I dissent.

Motion for reargument denied September 3, 1993.