NOTICE: This opinion is subject to motions for reargument under V.R.A.P. 40 as well as formal revision before publication in the Vermont Reports. Readers are requested to notify the Reporter of Decisions by email at: JUD.Reporter@vermont.gov or by mail at: Vermont Supreme Court, 109 State Street, Montpelier, Vermont 05609-0801, of any errors in order that corrections may be made before this opinion goes to press.

2017 VT 52

No. 2016-331

| | |
|---|---|
| State of Vermont | Supreme Court |
| | |
| | On Appeal from |
| v. | Superior Court, Bennington Unit, |
| | Criminal Division |
| | |
| Jeremy T. Joseph | February Term, 2017 |

David A. Howard, J.

Alexander Burke, Bennington County Deputy State's Attorney, Bennington, for
  Plaintiff-Appellant.

Allison N. Fulcher of Martin & Associates, Barre, for Defendant-Appellee.

PRESENT: Reiber, C.J., Dooley, Skoglund, Robinson and Eaton, JJ.

¶ 1.  **SKOGLUND, J.**  The State appeals the superior court's conclusion that the enactment of 13 V.S.A. § 3606a repealed 13 V.S.A. § 2504 by implication. Because § 3606a neither demonstrates a plain intent to repeal § 2504 nor covers the subject matter of § 2504, we reverse.

¶ 2.  The resolution of this appeal requires this Court to compare two statutes. The first statute—13 V.S.A. § 2504—states the following:

> A person who by a trespass with intent to steal, takes and carries away anything of value which is parcel of the realty, or annexed thereto, and the property of another against his or her will, shall be imprisoned not more than 10 years or fined not more than $500.00, or both.

This Court previously determined that the phrase "parcel of the realty" in § 2504 includes trees and timber. State v. Dragon, 133 Vt. 620, 623, 349 A.2d 720, 722 (1975).

¶ 3. Enter defendant. On May 26, 2015, the State charged defendant with violating § 2504 based on allegations that defendant, while cutting down trees with the property owner's authorization, strayed onto the property of three neighbors and cut down trees on their property without authorization.

¶ 4. In May 2016, while defendant's trial was pending, the Legislature enacted the second statute at issue in this case—13 V.S.A. § 3606a. See 2015, No. 106 (Adj. Sess.), § 1. Section 3606a reads, in part, "No person shall knowingly or recklessly: . . . cut down, fell, destroy, remove, injure, damage, or carry away any timber or forest products placed or growing for any use or purpose whatsoever . . . ." Id. § 3606a(a)(1). A person who violates § 3606a may be imprisoned for one year and fined up to $20,000 for the first offense and, for subsequent offenses, imprisoned not more than two years and fined up to $50,000. Id. § 3606a(b).

¶ 5. In response to § 3606a's enactment, the superior court entered an order on August 12, 2016, that requested the State and defendant submit memoranda analyzing whether § 3606a's enactment superseded § 2504.

¶ 6. In its memorandum, the State argued that § 3606a did not repeal § 2504 by implication because the statutes could be read in harmony. By contrast, defendant argued that he should be charged under § 3606a instead of § 2504 because the new statute was a more specific statute that should govern over the general language of § 2504.

¶ 7. The superior court agreed with defendant. On September 2, 2016, the superior court ruled that § 3606a repealed § 2504 by implication with respect to trees and timber and ordered the State to file an amended charge or the case would be dismissed. In its holding, the superior court relied, in part, on its conclusion that the phrase "by trespass" in § 2504 was the same act as "taking and carrying away" and that "the trespass is accomplished by the taking and carrying

2

away and does not require a separate act of going onto someone's land in a conventional trespass." Similarly, the court concluded that the distinct mens rea elements in the two statutes did not make a difference because the Legislature's intent with the enactment of § 3606a was to broaden the requisite intent to include "recklessness" and eliminate the defense of "carelessness or reckless disregard of boundaries." Because § 3606a covered the subject matter of § 2504 and expanded the mens rea of § 2504, the court concluded that § 3606a repealed § 2504 by implication, at least with respect to trees and timber. Finally, the superior court held that, even if § 2504 was not completely repealed by implication, the rule of lenity and 1 V.S.A. § 214(c) required the retroactive application of § 3606a.

¶ 8.     On appeal, the State disputes the trial court's conclusion that § 3606a repealed § 2504 by implication. In support, the State argues that § 3606a does not address the whole subject matter of § 2504, nor did the Legislature intend to repeal § 2504. In the alternative, the State claims that the trial court improperly relied on the rule of lenity and 1 V.S.A. § 214(c) when it retroactively applied 13 V.S.A. § 3606a to defendant's alleged crime. We need not address the State's second argument because we conclude that the Legislature did not intend to repeal § 2504 by implication.

¶ 9.     Whether a statute is repealed by implication is a question of law, which we review de novo. See State v. Amsden, 2013 VT 51, ¶ 8, 194 Vt. 128, 75 A.3d 612 ("[W]e review the trial court's legal conclusions, including those related to statutory interpretation, de novo."). As both parties note, we begin from a "presumption against implied repeal, which is grounded in judicial respect for the ultimate authority of the legislature over lawmaking." State v. Foley, 140 Vt. 643, 646, 443 A.2d 452, 453 (1982). This presumption may be overcome if "(a) the acts are so far repugnant that they cannot stand together, or (b) are not so repugnant, but the later act covers the whole subject of the former and plainly shows it was intended as a substitute therefore." Vt. Tenants, Inc. v. Vt. Hous. Fin. Agency, 170 Vt. 77, 83, 742 A.2d 745, 749 (1999). In making its

3

decision, the trial court relied on the second prong and concluded that § 3606a addressed the whole subject matter of § 2504. But we are not persuaded by its analysis.

¶ 10. First, § 3606a does not plainly demonstrate that the Legislature intended for the statute to replace § 2504. Certainly the Legislature did not state in the bill's text that it meant to substitute § 2504 with § 3606a. Instead, the evidence suggests that the Legislature was focused on "repeal[ing] the civil penalty for timber trespass." Act No. 106 Summary, 2015-16 Bien. Sess. (Vt. July 1, 2016), http://legislature.vermont.gov/assets/Documents/2016/Docs/ACTS/ACT106/ACT106%20Act%20Summary.pdf [https://perma.cc/GT6T-R9BA]. That the Legislature intended § 3606a to remove only the civil penalty for timber trespass is further evidenced by the statute's placement in Chapter 77, which governs crimes related to trees and plants, rather than Chapter 57, which contains § 2504 and regulates crimes related to larceny and embezzlement.

¶ 11. The placement of § 3606a among the crimes relating to trees and plants also demonstrates that § 3606a does not cover the whole subject matter of § 2504. Section 2504 applies to anything of value that is a parcel of the realty or attached to the realty. See 13 V.S.A. § 2504. And we have held that "parcel of the realty" includes trees. Dragon, 133 Vt. at 623, 349 A.2d at 722. But a "parcel of the realty" is not limited to trees and timber. By contrast, § 3606a applies only to timber and forest products. See 13 V.S.A. § 3606a(1). Absent the Legislature's specific language to the contrary, we cannot presume that a statute that applies specifically to trees and timber repeals a general statute prohibiting larceny of all parcels of realty.

¶ 12. The trial court apparently recognized that the statutes' subject matters did not completely overlap when it stated that § 2504 might "not [be] totally repealed by implication." But, even if our case law supported the concept of a "partial" repeal by implication (and we can find no such precedent), § 3606a does not cover the same mental element encompassed in § 2504. For a defendant to be found guilty of violating § 2504, the State must prove that the defendant trespassed with the intent to steal, take, or carry away a parcel of realty. By contrast, under

4

§ 3606a, a defendant may be charged if he or she knowingly or recklessly cuts down or otherwise destroys or removes timber or forest products without the owner's permission. Thus, the language in § 2504 focuses on the defendant's purpose when he or she trespasses, while § 3606a criminalizes mere knowledge or reckless disregard. See State v. Trombley, 174 Vt. 459, 462, 807 A.2d 400, 404 (2002) (noting modern distinction between "purposely" and " knowingly"). As such, the statutes contain distinct mens rea elements, and the statutes cannot be said to cover the same subject matter. See Foley, 140 Vt. at 647, 443 A.2d at 453-54 (holding that no repeal by implication occurred where "[c]onviction for false pretenses requires proof of intent to defraud, while mere knowledge suffices for the bad check crime").

¶ 13. The distinction between the mens rea elements is further reinforced by the differing penalties imposed by the statutes. See In re D.C., 2016 VT 72, ¶ 35, __ Vt. __, 149 A.3d 466 (concluding no repeal by implication where statutes' "elements and scope of their afforded remedies differ"). A violator of § 2504 may be fined up to $500 and imprisoned for up to ten years, making the crime a felony. See 13 V.S.A. § 1 (defining felonies). By contrast, § 3606a is a misdemeanor that carries a higher monetary penalty than § 2504. Compare id. § 3606a(b) (authorizing fines up to $50,000 for subsequent offenses), with id. § 2504 (capping fines at $500). This difference between the penalties comports both with the Legislature's intent—adding a misdemeanor sentence criminalized the civil penalty for timber trespass—and with the statutes' differing mental elements. See State v. Bourn, 2012 VT 71, ¶ 13, 192 Vt. 270, 58 A.3d 236 (noting that statute carrying higher penalty logically required higher standard of moral culpability).

¶ 14. Overall, these distinctions between the two statutes allow the statutes to be construed harmoniously. See Vt. Hous. Fin. Agency, 170 Vt. at 83, 742 A.2d at 749 (concluding there was no repeal by implication where statutes could be harmonized). By enacting 13 V.S.A. § 3606a, the Legislature criminalized the civil statute for timber trespass. Instead of repealing 13 V.S.A. § 2504, this new misdemeanor statute provided for minimal incarceration tied to knowing

5

or reckless timber trespass.  Essentially, § 3606a filled the gap by providing a misdemeanor charge along with the felony charge in § 2504.  Moreover, by leaving § 2504 in place, the Legislature continued to prohibit larceny of parcels of realty other than trees or timber.  Because the statutes may be harmonized, we conclude that the trial court erred when it determined that 13 V.S.A. § 3606a repealed § 2504 by implication.

Reversed.

FOR THE COURT:

_____

Associate Justice

6