STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. JOHN COVINGTON, JR., a/k/a DR. JOHN J. ROBERTS, DEFENDANT-APPELLANT.

Argued November 23, 1971—Decided December 13, 1971.

*Mrs. Martha K. Kwitny,* Assistant Deputy Public Defender, argued the cause for appellant (*Mr. Stanley C. Van Ness,* Public Defender, attorney).

*Mr. Michael H. Stieber,* Assistant Prosecutor, argued the cause for respondent (*Mr. Joseph P. Lordi,* Essex County Prosecutor, attorney; *Mr. Thomas J. McCormick,* on the brief).

PER CURIAM. The question is whether the bad check statute, *N. J. S. A.* 2A:111–15 to 17, superseded the false pretense statute, *N. J. S. A.* 2A:111–1, when the instrument of the fraud is a worthless check. The maximum authorized punishment under the bad check statute is less than under the false pretense statute. The Appellate Division held the false pretense statute continued to apply. 113 *N. J. Super.* 229 (1971). That result conflicted with the decision of another part of the Appellate Division in *State v. Morse,* 109 *N. J. Super.* 160 (1970). We granted certification to resolve the conflict. 58 *N. J.* 329 (1971).

The issue is one of legislative will. We agree the Legislature did not intend to mandate a prosecution only under the bad check statute whenever a bad check is used in furtherance of an intent to defraud. In reaching that conclusion, we would stress that the ingredients of the statutory offenses are not the same, see *State v. Reed,* 34 *N. J.*

554, 572–573 (1961); *State v. States,* 44 *N. J.* 285, 291–292 (1965), for although both statutes require an intent to defraud, the false pretense statute requires, and the bad check statute does not, proof that the offender succeeded in obtaining something he was after. See *State v. Roderick,* 85 Idaho 80, 375 *P. 2d* 1005 (1962). The statutes thus may overlap, depending upon the facts, but we find nothing on the face of the statutes to evidence a legislative purpose to compel resort to the bad check statute even though the facts come also within the false pretense act. Rather, we conclude the Legislature left it to the sound discretion of the prosecutor to proceed under either of the statutes in such circumstances. Here, defendant did succeed in his fraud, and indeed the fraud was but a part of a larger swindle. The prosecutor understandably sought an indictment under the false pretense statute.

*State v. Bott,* 53 *N. J.* 391 (1969), upon which *Morse* relied, is not in point. The case involved the receiving of a stolen motor vehicle. The Legislature adopted a receiving statute limited to motor vehicles and authorized a sharply higher penalty for the offense. We found the Legislature intended the motor vehicle statute, rather than the omnibus receiving statute, to apply whenever the subject matter was a motor vehicle. The ingredients of the offense of receiving under the omnibus statute and the offense of receiving under the motor vehicle statute were the same. That fact, the heightened penalty in the motor vehicle statute, and the history of both statutes persuaded us that the Legislature found "a special evil," 53 *N. J.* at 399, arising out of the theft of motor vehicles which it felt required resort to a statute authorizing a heavier hand. In the case before us, there is no reason to suppose the Legislature intended that every swindle within the reach of the false pretense statute ought to be dealt with more lightly merely because a bad check was the device.

The judgment is affirmed.

Jacobs, J., concurs in result.

*For affirmance*—Chief Justice WEINTRAUB and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and MOUNTAIN—7.

*For reversal*—None.