150 N.J. Super. 599 (1977)
376 A.2d 236
STATE OF NEW JERSEY, PLAINTIFF,
v.
JOHN M. COX, NEIL PAPPALARDO, NEW GLENWOOD, INC., T/A RODDY'S BEEF AND ALE, ROY'S BUENO VISTA, INC., BLUE PIANO, INC., V.I.P. RESTAURANT, INC., ALEX KOUVATSOS, H. RUDOLPH RECKMAN, G. & R. DAIRY QUEEN OF HIGHLAND PARK, CHATEAU CAPRI, LTD., T/A VILLA CAPRI, T. & J. AUTO LAUNDRY, INC., T/A T. & J. CAR WASH, DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided May 20, 1977.
*602 Messrs. Harold J. Ruvoldt for defendant John M. Cox (Ruvoldt & Ruvoldt, attorneys).
Messrs. Joseph A. Panepinto for defendant Neil Pappalardo (Carroll & Panepinto, attorneys).
Messrs. Richard I. Simon for defendant New Glenwood, Inc., t/a Roddy's Beef and Ale (Messrs. Brenner, New & Brenner, attorneys).
Mr. Malcolm J. Robbins, for defendant Roy's Bueno Vista, Inc.
Mr. Leonard Meyerson for defendants Blue Piano, Inc., t/a Blue Piano, and T. & J. Auto Laundry, Inc., t/a T. & J. Car Wash (Messrs. Miller, Hochman, Meyerson & Schaeffer, attorneys).
Mr. John DeNoia for defendants V.I.P. Restaurant and Alex Kouvatsos (Messrs. Adams, DeNoia & Cassese, attorneys).
Mr. Charles J. Kollar for defendants, H. Rudolph Reckman, and G. & R. Dairy Queen of Highland Park (Messrs. Rosta & Kollar, attorneys).
Mr. Thomas A. Declemente for defendant Chateau Capri, LTD., t/a Villa Capri (Messrs. Lewis & Declemente, attorneys).
*603 Messrs. Gregory J. Sakowicz and Daniel A. Swick, Deputy Attorneys General, attorneys for the State (Mr. William F. Hyland, Attorney General, attorney).
BACHMAN, J.S.C.
This matter is before the court on a motion to dismiss the above indictment in whole or in part on the grounds that it fails in its various counts to allege offenses under the laws of the State of New Jersey or, in the alternative, that the State is precluded from proceeding against defendants under the general fraud statute, N.J.S.A. 2A:111-1, since a more specific statute, N.J.S.A. 2A:170-64, has been enacted which prohibits the specific conduct alleged in this indictment.
Defendants are among 23 persons or entities charged in a 291-count indictment presented by the state grand jury with conspiring to defraud and actually defrauding the Public Service Gas and Electric Company during various time periods from 1973 to 1976. Count 1 charges all defendants with conspiracy to defraud. Count 2 charges defendant John M. Cox alone with the unlawful possession of burglary tools, which count is not contested in this motion. Counts 3 through 291 charge defendant Cox and other defendants in various counts with actual fraud. The State contends that defendants set back the electrical meters in certain commercial establishments and thus by means of the altered meter readings, and the payment of bills which were issued by Public Service based on the altered meter readings, defrauded and cheated Public Service since the payments did not represent the true energy or value of said energy consumed by these establishments.
Defendants argue two propositions in seeking dismissal of the indictment. In the first instance they contend that the indictment fails to charge a crime under N.J.S.A. 2A:111-1. This statute reads:
Any person who, knowingly or designedly, with intent to cheat or defraud any other person, obtains any money, property, security, gain, benefit, advantage or other thing of value by means of false *604 promises, statements, representations, tokens, writings or pretenses, is guilty of a misdemeanor.
The essence of defendants' argument appears to be that the specific elements of N.J.S.A. 2A:111-1 cannot be satisfied by the conduct alleged in the indictment since the electricity was delivered to the commercial establishments by Public Service prior to any incident of fraud, i.e., the tampering with the meter, and thus Public Service did not "rely" on the fraud, an essential element under N.J.S.A. 2A:111-1. This may be persuasive if one views the receipt of electricity as the sole gain or benefit to defendants in this instance. However, the gain or benefit here was not the electricity itself but the reduced bills, and thus we feel that the indictment clearly charges a violation of N.J.S.A. 2A:111-1.
The crime of cheating or defrauding by false pretenses under N.J.S.A. 2A:111-1 contains several elements. There must be a misrepresentation by a defendant. This misrepresentation must be knowing and made with the specific intent to cheat or defraud. The aggrieved party must rely on this misrepresentation in parting with his property and, finally, defendant must receive something of value as a result of the misrepresentation. See, e.g., State v. Covington, 59 N.J. 536 (1971); State v. Lemken, 136 N.J. Super. 310 (App. Div. 1974), aff'd 68 N.J. 348 (1975); State v. Thyfault, 121 N.J. Super. 487 (Law Div. 1972), aff'd 126 N.J. Super. 459 (App. Div. 1974); State v. Zwillman, 112 N.J. Super. 6 (App. Div. 1970), certif. den. 57 N.J. 603 (1971). In the present case the misrepresentation by defendants consisted of the altering or setting back of the electric meters, as alleged in the indictment, or in the aiding and abetting thereof. Intentionally or knowingly aiding and abetting the meter tampering makes one guilty as a principal even though someone else actually did the tampering. N.J.S.A. 2A:85-14; State v. Lemken, supra. That the misrepresentations were knowing and made with the specific intent to defraud is *605 alleged in the indictment with sufficient particularity and is a matter of proof at trial. The indictment also alleges reliance on the part of the aggrieved party, Public Service  an essential element of the crime  in the billing of defendants and other specified entities for amounts of electricity as indicated on the altered meters, which bills defendants paid. Thus, defendants clearly received a thing of value in the reduced bills, a saving of substantial amounts of money.
While there is no case law which specifically deals with the type of fraud alleged in this case, it cannot be inferred that N.J.S.A. 2A:111-1 was not intended to proscribe such activities as those alleged in this indictment. One cannot be blind to the realities of our society and the ever more sophisticated schemes for the purpose of defrauding and cheating others. The fact that Public Service operates on a system wherein customers are billed at regular intervals for the energy which they have actually consumed as measured by individual meters, rather than purchasing amounts in advance, does not place the scheme here outside the parameters of the conduct proscribed by N.J.S.A. 2A:111-1 for lack of reliance in parting with one's property. Certainly the regular monthly bills issued by Public Service can be considered property. They constitute a tangible value to Public Service. The dollar amounts specified within are a valuable interest belonging to the Public Service, and thus to induce Public Service to reduce this dollar amount by means of a false pretense clearly is that type of activity proscribed by N.J.S.A. 2A:111-1.
Ordinarily an indictment should not be dismissed unless its insufficiency is palpably shown. State v. McDowney, 49 N.J. 471 (1967); State v. LaFera, 35 N.J. 75 (1961). An indictment may be insufficient if it fails to charge a defendant with the commission of all the essential factual ingredients of an offense. State v. Silverstein, 41 N.J. 203 (1963); State v. Lamb, 125 N.J. Super. 209 (App. Div. 1973). In this case we find that all the essential elements under N.J.S.A. 2A:111-1 are alleged. Accordingly, *606 the motion to dismiss the indictment for failure to allege a crime is denied.
Likewise we find little merit in defendants' argument that because a specific statute has been enacted dealing with meter tampering, N.J.S.A. 2A:170-64, prosecution by the State under the general fraud statute, N.J.S.A. 2A:111-1, is barred.
N.J.S.A. 2A:170-64 provides:
Any person who, without permission or authority, connects or causes to be connected by wires or other devices, any meter erected or set up for the purpose of registering or recording the amount of electric current supplied to any customer by any vendor of electricity within this state, or changes or shunts the wiring leading to or from any such meter, or by any device, appliance or means whatsoever tampers with any such meter so that the meter will not measure or record the full amount of electric current supplied to such customer, is a disorderly person....
Because New Jersey has a statute of limitations of one year for disorderly persons offenses, N.J.S.A. 2A:169-10, the second part of defendants' argument under this statute is that all instances of tampering alleged to have occurred prior to one year before the return of the indictment are thus barred by the statute of limitations.
The law is clear in New Jersey that specific conduct may violate more than one statute. State v. Gledhill, 67 N.J. 565 (1975); State v. Blount, 60 N.J. 23 (1971). The general rule is that where there are two statutes which overlap, the prosecuting body may proceed under either in the absence of clear legislative intent to the contrary. State v. Fary, 16 N.J. 317 (1954); State v. Gledhill, supra; State v. Covington, 59 N.J. 536 (1971); State v. Drake, 79 N.J. Super. 458 (App. Div. 1963). Implied repealers are not favored. State v. Drake, supra. Therefore, unless the subsequent statute is clearly repugnant to the former and is designed to be a complete substitute for the former, the discretion to select which statute to proceed under remains. See, e.g., State v. Gledhill and State v. Drake, supra:
*607 N.J.S.A. 2A:111-1 was enacted into law in 1898 and N.J.S.A. 2A:170-64 was enacted in 1899. Neither statute has any substantive legislative history which guides us in resolving the alleged conflicts between them. However, we are of the opinion that none of the exceptions is present here which would take this case out of the general rule that where there is an overlap either statute may apply.
N.J.S.A. 2A:170-64 deals only with meter tampering. It is of a much narrower scope than N.J.S.A. 2A:111-1. The elements of the offenses charged in the two statutes are different. See State v. Covington, supra. The specific statute, N.J.S.A. 2A:170-64, is not more specific in every respect than N.J.S.A. 2A:111-1, as was the case in State v. Bott, 53 N.J. 391 (1969). In Bott the court was faced with a general statute dealing with receiving stolen goods and a specific statute dealing with receiving stolen motor vehicles. The court upheld the use of the specific statute over the general but considered as determinative the fact that the specific statute contained the same elements, had been enacted much later and provided for a greater punishment. Therefore, to give effect to what the court found was a clear legislative intent, the specific statute prevailed over the general.
In the absence of any substantive legislative history here, we must infer that the Legislature intended to give both laws effect. State v. Gledhill and State v. Fary, supra. We can see no contrary intent which would make N.J.S.A. 2A:170-64 the exclusive remedy or sanction for conduct such as is alleged in this indictment. See State v. Milano, 94 N.J. Super. 337 (App. Div. 1967). To do so would appear to frustrate rather than further public policy. We cannot ignore the fact that N.J.S.A. 2A:170-64 was enacted in 1899, long before the provision of energy had reached the crucial dimensions that it has today. It hardly seems to be in furtherance of the public interest to place such conduct as is alleged in this indictment beyond the *608 reach of the criminal laws and subject it only to the minimal penalties under a disorderly persons statute.
Therefore, we find none of the factors present which require the prosecuting authority to proceed in this case under the specific statute. There is no inconsistency between the two statutes, no specific repealer, no clear legislative intent to substitute the specific for the general. Therefore, the general rule prevails that both must be given effect and the prosecuting authority has the discretion to choose which statute he will proceed under. Accordingly, the motion to dismiss those counts of the indictment as being disorderly persons offenses barred by the statute of limitations is also denied.