190 N.J. Super. 544 (1983)
464 A.2d 1165
STATE OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
HARRY INSABELLA, DEFENDANT-RESPONDENT. STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
HARRY INSABELLA, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued May 10, 1983.
Decided July 25, 1983.
*546 H. Edward Gabler, Assistant Prosecutor, argued the cause for State of New Jersey (Nicholas L. Bissell, Jr., Somerset County Prosecutor, attorney; Lori Spagnoli, Assistant Prosecutor, on the brief).
John H. Petito argued the cause for Harry Insabella (Pellettieri, Rabstein and Altman, attorneys).
Before Judges MATTHEWS, ANTELL and FRANCIS.
PER CURIAM.
Defendant was charged in two complaints, SI 3444 and SI 3445, filed in the Franklin Township Municipal Court, with meter tampering. N.J.S.A. 2C:20-8(c) and 2C:20-8(d). Each complaint contained two counts and was filed at the behest of Public Service Electric and Gas Company (PSE & G).
Following the State's case on complaint No. SI 3445, the municipal judge denied defendant's motion to dismiss and then proceeded to find defendant guilty of the first count, merging the second count into the first.
Defendant then pleaded guilty to count one of complaint No. SI 3444.
Thereafter, defendant renewed his motion to dismiss complaint No. SI 3445 which was again denied. The judge then sentenced defendant to consecutive six month suspended terms in jail and levied a $500 fine on each complaint. A total of $5,000 restitution on both matters was ordered to be paid at the rate of $200 a month, as a condition of a two year term of unsupervised probation. Denying an application for a stay, the *547 judge ordered that he would suspend the balance of the fine if $600 was paid to the court on March 26, 1982.
An appeal was taken to the Law Division where Judge Meredith found defendant not guilty on complaint No. SI 3445.
On the same day Judge Meredith refused to vacate defendant's guilty plea on count one of complaint No. SI 3444, and sentenced defendant to a six month suspended jail sentence, a fine of $500 with $25 court costs, and a two year term of unsupervised probation upon the condition that restitution in the amount of $646.41 be paid.
The State appeals from the disposition of SI 3445, and defendant appeals from the refusal of the Law Division judge to vacate his guilty pleas and the sentence imposed.
During the course of this litigation, the offense charged against defendant under complaint SI 3445 changed from meter tampering (a disorderly persons offense) to a lesser included offense, or downgraded version, of the indictable crime of theft of services.
The complaint filed against defendant alleged tampering with meters and cited the statutes which make tampering a disorderly persons offense. When he entered his plea of guilty to complaint No. SI 3444 no mention was made of any other offense. Thereafter, the prosecutor described the offense as theft of services and that label was subsequently adopted by Judge Meredith.
Defendant argues that meter tampering is a different substantive offense than theft of services. Under Title 2A, meter tampering was prosecuted as a disorderly persons offense under N.J.S.A. 2A:170-63 and 2A:170-64. Receipt of services by tampering was prosecuted under the fraud statute, N.J.S.A. 2A:111-1.[1] That meter tampering and fraud, or theft, are entirely *548 separate offenses was judicially recognized as early as 1918 in State v. Rudner, 92 N.J.L. 20, 23 (Sup.Ct. 1918), aff'd 92 N.J.L. 645 (E. & A. 1919), where it was noted that:
The object of the legislature was, not the punishment of one who feloniously abstracts water which is the property of one of these companies  for that crime, like any other felonious taking, is dealt with in other provisions of the statute  but the protection of these companies against the fraudulent abstraction of water by methods so insidious and secret as not to be readily discoverable. And in order to effect that object the legislature created an entirely separate and distinct offence which it made punishable without regard to whether the larcenous purpose which led to the tampering with the meter was accomplished or not.
The history of the Code provisions reveals that N.J.S.A. 2C:20-8(c) and (d) are identical to N.J.S.A. 2A:170-63 and its predecessor Comp.Stat., p. 1794, § 164, which was the subject statute in Rudner. See State v. Rudner, 92 N.J.L. at 22. Note that in Rudner, defendant was prosecuted in the first count of his indictment with meter tampering and, in the third and fourth counts, with larceny of the purloined water.
In State v. Cox, 150 N.J. Super. 599 at 607 (Law Div. 1977), aff'd 160 N.J. Super. 28 (App.Div. 1978), it was noted that the offenses of meter tampering and fraud (or theft by false pretenses) are different and that the statutes require the proof of different elements. So too, today. N.J.S.A. 2C:20-8 contains four separate offenses under the heading "Theft of Services." Subsections a and b describe theft of services and misappropriation of services and both are described as "theft." The receiving or diversion must accrue to the benefit of the actor or another, i.e., a benefit must be obtained. The degree of these thefts is to be graded by the dollar amount of the services stolen. N.J.S.A. 2C:20-2(b). Quite distinctly, subsections (c) and (d) are not described as thefts but only as disorderly persons offenses. Their sentencing scheme is not determined by N.J.S.A. 2C:20-2(b) but by Chapters 43 through 46. No benefit need be obtained by the actor. It is apparent that the purpose of dividing the statutes into sections governing the wrongful conduct is the same as that of State v. Rudner: to protect the utility providers from insidious tampering as well as from the *549 theft of its services. While one can be prosecuted by two different statutes, they are not interchangeable.
The sanctions for this merging of meter tampering with theft of services is found in an unpublished letter opinion[2] which has been provided by utility companies to municipal prosecutors and judges to use as a controlling precedent. We have reviewed that opinion. There defendant was charged with and convicted of "tampering." The judge changed the title of the offensive conduct to theft of services. To support his conclusion that the offense was a continuing one, the judge wrote that "every time the defendant utilized the services supplied by turning on the electricity, he committed a "theft of services," apparently ignoring the fact that neither N.J.S.A. 2C:20-8(c) nor (d) requires the use or receipt of improperly metered services. The judge read N.J.S.A. 2C:20-8 to "merely describe the types of conduct proscribed with respect to different classes of services." It is clear, however, that while subsection (c) proscribes tampering with electric, gas or water meters, subsection (a) punishes the fraudulent receipt of those and other services by means including mechanical or electronic devices. Even within subsection (a), "Services" is defined as "telephone, or other public service."
The judge's misapprehension of N.J.S.A. 2C:20-8 involves a misapplication of the rules of criminal construction. N.J.S.A. 2C:1-1(g) provides:
In the construction of the code, or any part thereof, no outline or analysis of the contents of said title or of any subtitle, chapter, article or section, no cross-reference or cross-reference note and no headnote or source note to any section shall be deemed to be a part of the code.
and N.J.S.A. 2C:1-1(f) states:
The classification and arrangement of the several sections of the code have been made for the purpose of convenience, reference and orderly arrangement, and therefore no implication or presumption of a legislative construction is to be drawn therefrom.
*550 These statutory rules of construction are supplemented by the now classic rule that penal laws are to be strictly construed. United States v. Wiltberger, 5 Wheat. 76, 18 U.S. 76, 5 L.Ed. 37 (1820); State v. Woodruff, 68 N.J.L. 89 (Sup.Ct. 1902); State v. Clark, 29 N.J.L. 96 (Sup.Ct. 1860); State v. Meinken, 10 N.J. 348 (1952).
A proper reading of N.J.S.A. 2C:20-8 leads to the conclusion that the inclusion of four separate offenses under the heading "Theft of Services" was merely for convenience. As with nearly every other form of prohibited conduct contained in Chapter 20, subsections (a) and (b) of 2C:20-8 are denoted as "theft." Subsection (c) and (d) are not thefts and do not contain an element of receipt. The offenses are separate even if generated by the same conduct and intent. Consequently, we disapprove of both the rationale and the holding in State v. Colony T.V. Sales and Service Corp. It should not be used as precedent.
In the Law Division prior to the trial de novo, defendant argued that if the theory that meter tampering was theft of services was correct, the municipal court was without jurisdiction because the subject of the prosecution was an indictable crime.
Theft offenses are graded according to the value of the victim's loss. N.J.S.A. 2C:20-2(b). Theft is a disorderly persons offense as to amounts under $200, and fourth degree crime as to amounts between $200 and $500, and a third degree crime if the loss is above $500. PSE & G sought, as was awarded, $646.41 as restitution on this complaint.
At the trial de novo before Judge Meredith, defendant again advised the court that he challenged the municipal court's jurisdiction over a third degree crime. Judge Meredith agreed that meter tampering was a distinct and separate offense from theft of services and he disregarded the holding in Colony T.V. Sales. He then entered a finding of not guilty as to complaint No. SI 3445 because the one year statute of limitations for disorderly *551 offenses had expired before that complaint was filed. In a supplemental written opinion he noted:
Finally, proceeding under N.J.S.A. 2C:20-8(c) and (d), which are disorderly persons offenses, where a defendant is in effect charged with wrongfully obtaining some $5,000.00 of electricity, a third degree crime, see N.J.S.A. 2C:20-8a and:20-2b(2)(a), has the result of depriving him of various constitutional protections to which a person actually charged with the third degree crime is entitled. See N.J.S.A. 2C:1-4a, b. See also id 2C:1-1f, g.
However, he took up complaint SI 3444 and ignored the threshold jurisdiction question, finding that while the complaint charged an indictable crime, there was nothing to bar a downgrade to a non-indictable offense. Based upon this theory, the judge upheld defendant's guilty plea, and defendant was sentenced to pay $646.41 restitution on the disorderly persons charge of theft of services.
Defendant argues that while indictable crimes can be downgraded to non-indictable offenses, R. 3:7-4, all such amendments must be accomplished prior to the entry of a guilty plea. He points out that in this case it was defendant's guilty plea to the offense of meter tampering which was judicially "amended" to be a guilty plea to a downgraded indictable charge of theft of services, a distinct offense which includes by definition the additional element of receipt of a service. He contends that he never consented to such amendment of his plea; he was never informed it would happen, and the judgment filed against him therefore is totally inconsistent with his intent in pleading guilty.
While Insabella thought that he was pleading to the disorderly offense of meter tampering, the municipal judge treated the plea as a third degree crime which warranted a third degree sentence.
While we agree with the defendant's basic argument, we do not agree that his guilty plea to complaint SI 3444 should be vacated. Defendant believed he was pleading to a charge of meter tampering under N.J.S.A. 2C:20-8(c) as alleged in the complaint. The error of the judges below was not in erroneously *552 accepting the plea, however, it was in sentencing. It was clearly error to order restitution.
Restitution must be limited by and directly related to the offense committed. A conviction does not subject a defendant to remedy all losses claimed by a victim or complainant but only those losses directly resulting from the illegal conduct for which he has been convicted.
The purpose of restitution was described in State v. Harris, 70 N.J. 586 (1976):
The restitution or reparation required may not go beyond the actual loss or damage as established in the prosecution and must be directly related to the crime. Restitution serves the purposes of rehabilitation, if used to support a healthy attitude by the offender. It also serves to restore the loss (although partially) to the victim of the crime * * * When reparation is a condition of probation, it is part of the defendant's rehabilitative effort, not a sentence. [S. Rubin, The Law of Criminal Correction 200-01 (1963) (footnotes omitted)]. [70 N.J. at 593]
As we noted, the acts of meter tampering and of fraudulently obtaining electrical service are two separate offenses and carry different penalties. They are not interchangeable acts nor should restitution be an interchangeable remedy for the victim.
PSE & G's loss as a result of meter tampering is the cost of removing, replacing and repairing the meter. Service which may have been stolen by the tampering is not an element of the offense; that loss is recoverable by restitution if a defendant is charged with theft of services and convicted of that charge. If the theft involves less than $200, jurisdiction may be retained in the municipal court. If the theft is more substantial, jurisdiction is in the Superior Court where the penalties will be consistent with the gravity of the crime, and where the constitutional protections will be consistent with the accused's threatened loss of property. This system cannot be circumvented by charging meter tampering when the victim seeks restitution for theft. Accordingly, the order of restitution is vacated.
The issues posed by defendant at the Superior Court trial de novo on municipal complaint SI 3445 were (1) when was the meter tampered with and (2) if the meter was not tampered *553 with within the one year statutory period, whether meter tampering is a "continuing offense" so as to defeat the statute of limitations for disorderly persons offenses. The State apparently did not argue that the tampering occurred within one year of the filing of the complaint at the trial de novo nor is it urged before us.
The complaint was filed on January 16, 1981 alleging that defendant tampered with the meter S-1 which was removed from 63 Claremont Road on January 24, 1980. Accordingly, to come within the one year statute of limitations, the tampering had to occur between January 16 and 24, 1980, a period of one week. The only witness to provide circumstantial evidence as to when the tampering could have occurred was the staff assistant in the PSE & G commercial operations department. He examined records of usage at defendant's home between February 1973 and December 1979. He observed a 50% drop in usage in January 1975 and thereby concluded that that was when the tampering took place. There was no testimony as to any other fluctuations in electric usage nor was there any evidence about usage or tampering in January 1980. It is apparent, therefore, that Judge Meredith properly concluded that there was no evidential basis from which to conclude that any tampering occurred within one year of the filing of the complaint.
N.J.S.A. 2C:1-6(b)(2) establishes a one year statute of limitations for disorderly persons offenses. Subsection (c) of that section declares that "an offense is committed either when every element occurs, or, if a legislative purpose to prohibit a continuing course of conduct plainly appears, at the time when the course of conduct or the defendant's complicity therein is terminated." In this regard, it should be noted that N.J.S.A. 2C:20-8(c) and (d), which define the offense of meter tampering, require that the State establish three elements: (a) that a gas, water or electric meter has been tampered or interfered with in any manner; (b) without permission, and (c) for the purpose of obtaining those services fraudulently. The statutes are silent as *554 to the success of such an act and the State is not required to show that any services were improperly obtained as a result of the meter tampering. The State need only show that the tampering was accomplished with a purpose to obtain services fraudulently. It is clear then that the offense involved here was accomplished when defendant physically altered the meter mechanism. Every element of the offense was then satisfied. Judge Meredith was correct in dismissing the complaint.
In view of our agreement with Judge Meredith's disposition of complaint SI 3445, we deem it unnecessary to decide whether the State had the right to appeal that disposition.
The judgment of the Law Division dated September 7, 1982, is modified by removing the additional condition of probation requiring the payment of $646.41 in restitution. As so modified, the judgment is affirmed.
NOTES
[1] See, for example, State v. Cox, 150 N.J. Super. 599 (Law Div. 1977), aff'd 160 N.J. Super. 28 (App.Div. 1978).
[2] State v. Colony T.V. Sales & Service Corp., Municipal Appeal 30-80, decided June 1, 1981.