248 N.J. Super. 86 (1991)
590 A.2d 252
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
ELIZABETH ANN TOPPING, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted April 26, 1991.
Decided May 9, 1991.
*87 Before Judges GAULKIN, SHEBELL and HAVEY.
Wilfredo Caraballo, Public Defender, attorney for appellant (Ruth Bove, Assistant Deputy Public Defender, of counsel, and on the letter brief).
John J. Fahy, Bergen County Prosecutor, attorney for respondent (John J. Scaliti, Assistant Prosecutor, of counsel, and on the letter brief).
The opinion of the court was delivered by SHEBELL, J.A.D.
On September 6, 1990, defendant, Elizabeth Ann Topping, entered retraxit pleas of guilty to two counts of third degree distribution of cocaine in contravention of N.J.S.A. 2C:35-5a(1) and -5b(3).[1] In accordance with the plea agreement, defendant received a sentence from the Law Division judge on October 12, 1990 of five years probation conditioned upon her service of a 180-day term in the Bergen County Jail on weekends. The October 12 order also dismissed four counts of possession and distribution of cocaine which were included in the original indictment. In addition to other fines and penalties, defendant was ordered to pay $825 restitution to the Bergen County *88 Narcotics Task Force (BCNTF)  a representation of the money provided by undercover agents to defendant and her codefendant husband for the purchase of cocaine.
According to defendant, she accepted $485 from an undercover narcotics agent for two separate transactions for the purchase of cocaine. Her husband represented that he accepted a total of $230 from undercover agents for the same purpose. The State represents that the additional $110, included in the $825 restitution amount, represented another cocaine transaction with an undercover agent. Further, the State claims that defendant acknowledged the accuracy of a presentence report which referred to that $110 transaction.
On appeal of defendant's sentence to this court on March 13, 1991, following oral argument without briefs, we affirmed the sentence, finding it was not manifestly excessive. However, we permitted defendant to file a brief regarding the legality of the court's ordering payment of $825 restitution.
In her brief on that issue, defendant argues:

POINT I: THE ORDER REQUIRING DEFENDANT TO PAY RESTITUTION IN THE AMOUNT OF $825 TO THE BERGEN COUNTY NARCOTICS TASK FORCE TO REIMBURSE IT FOR THE "BUY MONEY" IS ILLEGAL AS ITS EXPENDITURE WAS INCURRED AS A COST OF PROSECUTION.

POINT II: THE TRIAL COURT ERRED IN ORDERING DEFENDANT TO PAY A SUM OF RESTITUTION GREATER THAN THE AMOUNTS IN THE TWO COUNTS OF THE INDICTMENT TO WHICH SHE PLEADED GUILTY.

POINT III: DEFENDANT'S DUE PROCESS RIGHTS WERE VIOLATED BY THE SENTENCING JUDGE'S FAILURE TO CONDUCT A HEARING REGARDING DEFENDANT'S ABILITY TO PAY THE AMOUNT OF RESTITUTION ORDERED.
Although we find no error in requiring defendant to pay restitution to the BCNTF in this situation, we nevertheless remand this case to the Law Division for consideration of defendant's ability to pay.
It is well-settled that restitution may be ordered as part of a sentence for a criminal offense. N.J.S.A. 2C:43-3; State v. Rhoda, 206 N.J. Super. 584, 591, 503 A.2d 364 (App.Div. 1986). Further, N.J.S.A. 2C:44-2a specifically authorizes a sentence of *89 restitution "in addition to a sentence of imprisonment or probation if: (1) the defendant has derived a pecuniary gain from the offense; or (2) [t]he court is of opinion that ... restitution ... is specially adapted to deterrence of the type of offense involved or to the correction of the offender." N.J.S.A. 2C:44-2a(1) and (2).
In finding that the order of restitution was proper in this case, we reject defendant's contention that restitution cannot be ordered because the State is not a "victim" entitled to recover the money paid by its undercover agents to defendant for the purchase of cocaine. The focus in cases such as this must be upon the first enumerated statutorily authorized purpose of ordering restitution  that the defendant should not profit from the offense. N.J.S.A. 2C:44-2a(1). Unquestionably, under proper circumstances, the State may be the recipient of restitution. See N.J.S.A. 2C:43-3(h); State v. Harris, 70 N.J. 586, 362 A.2d 32 (1976).
In addressing the propriety of restitution to the BCNTF in these circumstances, we recognize that "[r]estitution must be limited by and directly related to the offense committed." State v. Insabella, 190 N.J. Super. 544, 552, 464 A.2d 1165 (App.Div. 1983). Restitution is proper only when the loss sustained by a victim is the direct result of the criminal offense. Id. Consequently, a sentence of restitution is an inappropriate vehicle to recover costs of prosecution. Cannel, Criminal Code Annotated, Comment N.J.S.A. 2C:43-3 (1991).
We do not, however, find recovery of the State's money, which was utilized in illegal drug transactions, to be an impermissible recovery of prosecution costs. See N.J.S.A. 2C:1-6d (prosecution is not commenced until indictment is found or warrant is issued). Rather, the BCNTF's loss in this case was a direct result of defendant's illegal drug distribution offenses  offenses from which defendant improperly derived a pecuniary gain. N.J.S.A. 2C:44-2a(1). Thus, defendant was properly ordered to pay restitution in order that the profit *90 might be removed. Although a fine could also serve that purpose, it would not directly restore the monies to the BCNTF's fund used to finance undercover transactions.
Some jurisdictions whose statutes, unlike ours, require that there be a "victim" as a prerequisite to restitution have taken the view that a government agency that provides funds to undercover agents for the purchase of drugs is a victim, entitled to restitution. See, e.g., Commonwealth v. Mourar, 349 Pa.Super. 583, 504 A.2d 197 (1986), vacated on other grounds, 517 Pa. 83, 534 A.2d 1050 (1987); State v. Holmes, 221 Neb. 629, 379 N.W.2d 765 (1986); State v. Pettit, 73 Or. App. 510, 698 P.2d 1049 (1985). Other states have taken a contrary position; however, we attribute the conflict to variations in the respective restitution statutes of those states. See, e.g., Evans v. Garrison, 657 F.2d 64 (4th Cir.1981).
Defendant correctly argues that she may not be compelled to make restitution for amounts not directly related to the offenses to which she pled guilty. See Insabella, 190 N.J. Super. at 552, 464 A.2d 1165. Thus, the $230 accepted by her husband and the $110 from an unrelated transaction may not be included.
In addition to reducing the amount of restitution, we remand for an inquiry into defendant's ability to pay. We outlined the necessity of such findings as a prerequisite to a restitution order in State v. Paladino, 203 N.J. Super. 537, 547, 497 A.2d 562 (1985). We summarized:
The process of ordering restitution implicates due process rights. State in the Interest of D.G.W., 70 N.J. 488, 501, 503 [361 A.2d 513] (1976). Although a court may have the discretionary right to impose restitution as a condition of probation, State v. Harris, 70 N.J. 586, 591-593 [362 A.2d 32] (1976), settled law requires the court to conduct at least a summary hearing. Restitution is regarded as rehabilitative in nature, it is not punitive nor is it retributive. State v. Harris, 70 N.J. at 592-593, [362 A.2d 32]. Thus, a determination of the amount the defendant can pay and the time within which he can reasonably do so is implicated in the process. State in the Interest of D.G.W., 70 N.J. at 504-505 [361 A.2d 513]. [State v. Paladino, 203 N.J. Super. at 547[, 497 A.2d 562] (emphasis added) (footnote omitted)].
*91 Here, the State concedes that defendant did not receive a hearing to which she unquestionably had a due process right. Consequently, we find this omission deserving of remand for determination of defendant's ability to pay the modified amount of restitution.
The sentence of restitution is affirmed subject to the required modification. The matter is remanded for the limited purpose of determining defendant's ability to pay.
NOTES
[1] At the same proceeding, defendant's husband and codefendant, Randall Topping, pleaded guilty to two separate charges of selling cocaine to an undercover police officer.